**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| SUNRISE COOPERATIVE, INC.<br>2025 West State Street<br>Fremont, Ohio 43402,<br><br>   Plaintiff,<br><br>v.<br><br>FRENCHMAN VALLEY FARMERS<br>COOPERATIVE, INC.<br>202 Broadway<br>Imperial, Nebraska 69033<br><br>MERISTEM CROP PERFORMANCE<br>GROUP, LLC<br>12 Village Pointe Drive<br>Powell, Ohio 43065,<br><br>   Defendants. | Case No.: _____<br><br>Judge: _____<br><br>**COMPLAINT**<br><br>**JURY DEMAND ENDORSED**<br>**HEREON**<br><br>Gregory H. Wagoner (0076132)<br>SHUMAKER, LOOP & KENDRICK, LLP<br>1000 Jackson Street<br>Toledo, Ohio 43604<br>Telephone: 419.241.9000<br>Facsimile: 419.241.6894<br>E-mail: gwagoner@shumaker.com<br><br>Attorney for Plaintiff<br>Sunrise Cooperative, Inc. |

Plaintiff, Sunrise Cooperative, Inc. ("Sunrise"), by and through its undersigned attorneys, files this Complaint against Defendants, Frenchman Valley Farmers Cooperative, Inc. ("FVFC") and Meristem Crop Performance Group, LLC ("Meristem" and collectively with FVFC "Defendants"), and states as follows:

**Nature of This Action**

1. This is a civil action for trademark infringement and unfair competition arising under the federal Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), and state common law. Sunrise Cooperative, Inc. is a leading agricultural and energy cooperative, with multiple

divisions including agronomy, grain, energy, and feed. Sunrise offers products and services to help customers with the day-to-day operations of their farms, homes, and businesses. These products include, among others, various crop protection and crop nutrition products, including weed control products, fungicides, pesticides, fertilizers, and precise blends of starters, foliars, finishers, adjuvants, biologicals, and micronutrients that help consumers maximize crop yield. Sunrise, through its PCT|Sunrise division, offers products that are specially formulated to help customers feed and protect their plants at precise times throughout the growing season in order to maximize crop yields. PCT|Sunrise, a progressive crop technology company, also offers growers individualized plans and guidance on how to enhance plant development. PCT|Sunrise's blends are specially formulated and manufactured with the goal of optimizing plant health and providing a strong return on investment.

2. As a complement to such agronomy products, Sunrise developed and has continuously offered to its customers since 2019 a subscription-based software as a service (SaaS) product called VANTAGEPOINTE®. Sunrise's VANTAGEPOINTE® product helps agricultural producers increase their financial success odds through the continuous data entry of grower and market information, the organization of all aspects of a farm, including acres, bushels, and sales to revenue tracking and record keeping, and the provision of personalized profitability scenarios, analysis, and recommendations. Sunrise owns United States Federal Trademark Registration No. 6,186,735 for the VANTAGEPOINTE® mark.

3. Sunrise has become aware that, despite Sunrise's established trademark rights in the VANTAGEPOINTE® mark, Defendants, in partnership, have recently begun using the

nearly identical mark VANTAGEPOINT in their own competing agronomy business for crop input products, such as fertilizers, adjuvants, and pesticides. Despite Sunrise's demands, Defendants have refused to cease and desist from their infringement and unfair competition.

## Parties, Jurisdiction, and Venue

4. Sunrise is an Ohio corporation with its principal place of business in Fremont, Ohio.

5. Defendant FVFC is a Nebraska corporation with its principal place of business in Imperial, Nebraska.

6. Defendant Meristem is a Delaware limited liability company. Upon information and belief, none of the members of Meristem are residents of Ohio.

7. The federal law claims of trademark infringement and unfair competition asserted in this action arise under the provisions of the Lanham Act, 15 U.S.C. § 1051, *et seq*. This Court has original jurisdiction over these claims pursuant to 15 U.S.C. § 1121(a), 28 U.S.C. §1331, and 28 U.S.C. § 1338(a) in that this Complaint states an action based upon a federal question relating to trademarks.

8. The state law claims of common law trademark infringement and common law unfair competition asserted in this action are so related to the federal law claims asserted in this action that they form part of the same case or controversy under Article III of the United States Constitution. This Court has supplemental jurisdiction over these claims pursuant to 28 U.S.C. § 1367(a).

9. This Court also has original jurisdiction over the state law claims of common law trademark infringement and common law unfair competition asserted in this action

pursuant to 28 U.S.C. § 1338(b) because they are joined with substantial and related claims asserted under the Lanham Act, 15 U.S.C. § 1051 *et seq*.

10. This Court also has diversity jurisdiction over the state law claims of common law trademark infringement and common law unfair competition asserted in this action pursuant to 28 U.S.C. § 1332(a)(1) because Sunrise and Defendants are all citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendants pursuant to O.R.C. § 2307.382 in that during relevant periods Defendants have: (1) transacted business in Ohio; (2) contracted to supply goods and services in Ohio; (3) caused tortious injury by acts in Ohio; and (4) caused tortious injury in Ohio by acts outside Ohio committed with the purpose of injuring persons, when Defendants might have reasonably expected that some person would be injured thereby in Ohio, namely Sunrise.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants, having subjected themselves to personal jurisdiction in this judicial district, reside in this judicial district (see 28 U.S.C. § 1391(c)), and pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in this judicial district.

## Common Factual Allegations

13. Sunrise is a leading agricultural and energy cooperative, with multiple divisions including agronomy, grain, energy, and feed.

14. Sunrise offers products and services to help customers with the day-to-day operations of their farms, homes, and businesses. These products include, among others, various crop protection and crop nutrition products, including weed control products, fungicides, pesticides, fertilizers, and precise blends of starters, foliars, finishers, adjuvants, biologicals, and micronutrients that help consumers maximize crop yield.

15. Sunrise, through its PCT|Sunrise division (**P**rogressive **C**rop **T**echnologies), offers products that are specially formulated to help customers feed and protect their plants at precise times throughout the growing season in order to maximize crop yields. PCT|Sunrise, a progressive crop technology company, also offers growers individualized plans and guidance on how to enhance plant development.  PCT|Sunrise's blends are specially formulated and manufactured with the goal of optimizing plant health and providing a strong return on investment.

16. As a complement to such agronomy products, Sunrise developed and has continuously offered to its customers since June of 2019 a subscription-based software as a service (SaaS) product called VANTAGEPOINTE®.

17. Sunrise's VANTAGEPOINTE® product helps agricultural producers increase their financial success odds through the continuous data entry of grower and market information, the organization of all aspects of a farm, including acres, bushels, and sales to revenue tracking and record keeping, and the provision of personalized profitability scenarios, analysis, and recommendations.

18. On February 10, 2020, Sunrise applied for federal registration of the VANTAGEPOINTE® mark with the United States Patent and Trademark Office ("USPTO").

19. On October 27, 2020, the USPTO issued United States Registration No. 6,186,735 to Sunrise for the VANTAGEPOINTE® mark for:

> Software as a service (SaaS) services featuring software that helps agricultural producers increase their financial success odds through the continuous data entry of grower and market information, the organization of all aspects of a farm, including acres, bushels, and sales to revenue tracking and record keeping, and the provision of personalized profitability scenarios, analysis, and recommendations

(the "VantagePointe Services"). A true and correct copy of the registration certificate is attached hereto as **Exhibit 1**. This registration is valid and subsisting, and has not been cancelled, revoked, or abandoned.

20. Sunrise owns valuable rights and goodwill in its VANTAGEPOINTE® mark, which Sunrise has used continuously since at least June of 2019 in connection with the VantagePointe Services.

21. Sunrise has expended a great deal of time and funds building and promoting its business using the VANTAGEPOINTE® mark resulting in substantial goodwill and consumer recognition.

22. As a result of Sunrise's sales and advertising of its services under the VANTAGEPOINTE® mark, the widespread sale and rendition of such services to the public under the mark, and the quality of the services rendered and sold under mark, such services have come to be, and now are, well and favorably known to the trade and public under the

6

VANTAGEPOINTE® mark. The VANTAGEPOINTE® mark is a means by which such services are identified as being sold and rendered by Sunrise.

23. As a result of Sunrise's sales and advertising of its services under the VANTAGEPOINTE® mark, and the quality of the services sold and rendered under the mark, valuable goodwill in the business as represented by the VANTAGEPOINTE® mark has been generated. The goodwill is symbolized by the VANTAGEPOINTE® mark, and Sunrise is the owner of the goodwill and the mark.

### Defendants' Infringement

24. In December of 2020, Sunrise discovered that Defendants, in partnership, were offering goods that are very closely related to Sunrise's VantagePointe Services under the nearly identical mark VANTAGEPOINT.

25. Despite Sunrise's common law rights in, and federal trademark registration for, the VANTAGEPOINTE® mark, in or about December of 2020 Defendants publicly announced "a strategic new partnership, VantagePoint™, a broad and bold new brand to provide their member-owners a new opportunity to control input costs and enhance profit potential." *See* **Exhibit 2** attached to this Complaint.

26. Defendants claim that "[t]hrough the VantagePoint™ brand, FVC will be positioned to provide customers with the most agronomically-sound chemistry at a cost point that lowers their cost without compromising performance. … FVC will be better able to provide the necessary crop enhancement products and further grow our relationships with our customers." *Id*.

7

27. Defendants further advertised that "[t]he VantagePoint™ initial product portfolio includes crop input additives widely used by corn, soybean and wheat growers. The list includes WATCHTOWER™ ST seed treatments and STANDKING™ plant growth regulator, OUTPOST™ drift control, water conditioners, surfactants, and ROYALGREEN™ micronutrients nutritionals. All are available for immediate sale through a local Frenchman Valley Agronomy Production Advisor. The cooperative is also evaluating possible crop protection offerings through the RESILIENCE™ brand." *Id*.

28. According to FVFC's Vice President of Agronomy, the reason for Defendants' launch of the VantagePoint brand and product lineup was that "[w]e are always looking to gain efficiency and provide the best solutions for farmers and I think VantagePoint™ Crop Performance is going to help us do that. … We want to help growers make the most out of every dollar they spend with us." *Id*.

29. The partnership referenced in the press release is between FVFC and Meristem. *See* **Exhibit 3** attached to this Complaint.

30. Upon discovering Defendants' infringing use of the VANTAGEPOINT mark, Sunrise's counsel contacted FVFC, but after several communications FVFC has refused to cease use of the VANTAGEPOINT mark. *See* **Composite Exhibit 4** attached to this Complaint.

31. Additionally, Sunrise has since discovered that FVFC even applied on November 23, 2020, to register the mark VANTAGE POINT CROP PERFORMANCE TECHNOLOGIES with the USPTO (a fact FVFC concealed from Sunrise) for:

> International Class 001 -- Plant growth regulators for agricultural use; substances for regulating plant growth; plant

8

       growth nutrients for agricultural use; plant treatment that provides growth enhancement and increased yields for agricultural use; seed treatments; seed treatment chemicals for agricultural use; seed coatings applied to crop seeds to improve stands, seedling health, and yield; seed coatings for seeds for agricultural purposes; adjuvants for use with agricultural chemicals, pesticides, and plant nutrition preparations, namely, chemical deposition and drift control agents for use in the agricultural industry; agricultural crop oils for use as additives or adjuvants to pesticides, herbicides, fungicides, and fertilizers; crop oils for use as an adjuvant for use in the application of agricultural chemicals and plant nutrients; modified vegetable oils for use as an adjuvant for use in the application of agricultural chemicals and plant nutrients; chemical spray adjuvants for use in spray tank solutions containing pesticides, herbicides, fungicides, or fertilizers for use in agriculture; non-ionic surfactants for use in connection with agricultural chemicals; water conditioners for use with agricultural chemicals; high surfactant modified seed oils for use as adjuvants for use in the application of agricultural chemicals and plant nutrients; fertilizers; starter fertilizers; foliar fertilizers; plant growth nutrients for agricultural use; plant growth micronutrients for agricultural use; chemical fertilizers; micronutrients for use as fertilizers; plant nutrients; foliar-applied plant nutrient solutions for agricultural use.

       International Class 005 -- Pesticides for agricultural use; herbicides for agricultural use; insecticides for agricultural use; fungicides for agricultural use

(the "VantagePoint Goods"). This application is pending under Serial No. 90/337,350. *See* **Exhibit 5** attached hereto.

      32.    All of the VantagePoint Goods are goods that are also offered by Sunrise.

      33.    Sunrise offers both the VantagePoint Goods and the VantagePointe Services under its own SUNRISE® mark. Such goods and services are closely related.

      34.    By virtue of the foregoing, Defendants are infringing upon Sunrise's VANTAGEPOINTE® mark and unfairly competing with Sunrise. Defendants' use in

connection with their business of the VANTAGEPOINT mark is likely to cause confusion, mistake, or deception among the trade and the public.

35. Despite Sunrise's demands that Defendants cease and desist from their infringement, Defendants have intentionally, actively, and deliberately refused to comply, have not ceased and desisted from their wrongful use of the VANTAGEPOINT mark, and have intentionally and deliberately persisted in their infringement of Sunrise's trademark rights and unfair competition with Sunrise.

36. Defendants' intentional infringement of Sunrise's trademarks and unfair competition is causing irreparable injury to Sunrise, and, unless an injunction is granted, will continue to cause irreparable injury to Sunrise due to the confusion, mistake, and deception that will be and has been generated among the trade and the public. Sunrise has suffered and will continue to suffer damage, the exact amount of damage being unknown to Sunrise at this time. The damage to Sunrise is, and will continue to be, irreparable because, among other reasons, of the continuing nature of the trademark infringement and unfair competition, which would necessitate a multiplicity of suits for damages if the continuance of the wrongs is not enjoined.

37. All conditions precedent to the institution and maintenance of this action have occurred or been performed by Sunrise.

38. Sunrise has engaged the law firm of Shumaker, Loop & Kendrick, LLP to represent it and has obligated itself to pay its attorneys a reasonable fee for their services in this action.

## COUNT I

### Federal Trademark Infringement

39. Sunrise realleges paragraphs 1-38 of this Complaint as if fully restated herein.

40. This is an action for an injunction arising under 15 U.S.C. §§ 1114 and 1116, and for damages arising under 15 U.S.C. §§ 1114 and 1117.

41. Defendants have, by virtue of their above-described acts, infringed upon Sunrise's rights in its federal trademark registration of the VANTAGEPOINTE® mark in violation of 15 U.S.C. § 1114.

42. Defendants' above-described acts of infringement have been committed, and are continuing to be committed, with the knowledge that their VANTAGEPOINT mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

43. Defendants' above-described acts of infringement have caused irreparable injury to Sunrise and will continue to cause irreparable injury to Sunrise if Defendants are not restrained by this Court from further violating Sunrise's trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement. Sunrise has no adequate remedy at law.

WHEREFORE, Sunrise demands judgment:

(a) entering an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Sunrise's trademark rights and unfairly competing with Sunrise in any manner whatsoever in connection with the operation of their business, and from continuing to operate their business in any manner tending to confuse or deceive the public into believing

that their business is in any way connected with, sponsored by, or affiliated with Sunrise;

(b) ordering an accounting of and awarding Sunrise such damages, lost profits, royalties, attorneys' fees, costs, and prejudgment interest, as may be shown by the evidence;

(c) awarding up to three (3) times any damages sustained by Sunrise;

(d) ordering FVFC's application for registration of VANTAGE POINT CROP PERFORMANCE TECHNOLOGIES to be abandoned, and any registration that may issue thereon canceled;

(e) awarding Sunrise interest on such profits and damages at the highest rate allowed by law;

(f) awarding Sunrise costs of this action;

(g) awarding Sunrise its reasonable attorneys' fees and costs; and

(h) awarding Sunrise such other and further relief as the Court deems just and proper.

## COUNT II
### Federal Unfair Competition

44. Sunrise realleges paragraphs 1-38 of this Complaint as if fully restated herein.

45. This is an action for an injunction arising under 15 U.S.C. §§ 1125 and 1116, and for damages arising under 15 U.S.C. §§ 1125 and 1117.

46. Defendants have, by virtue of their above-described acts, infringed upon Sunrise's federally registered and common law rights in its VANTAGEPOINTE® mark and are competing unfairly with Sunrise by falsely designating Defendants' products as originating with Sunrise or with a concern legitimately connected with Sunrise in violation of 15 U.S.C. § 1125.

47. Defendants' above-described acts of infringement and unfair competition have been committed, and are continuing to be committed, with the knowledge that their VANTAGEPOINT mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

48. Defendants' above-described acts of infringement and unfair competition have caused irreparable injury to Sunrise and will continue to cause irreparable injury to Sunrise if Defendants are not restrained by this Court from further violating Sunrise's trademark rights and competing unfairly with Sunrise due to the confusion, mistake, or deception that will likely be generated among the trade and the public as a consequence of the above-described acts of infringement and unfair competition. Sunrise has no adequate remedy at law.

WHEREFORE, Sunrise demands judgment:

(a) entering an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Sunrise's trademark rights and unfairly competing with Sunrise in any manner whatsoever in connection with the operation of its business, and from continuing to operate their business in any manner tending to confuse or deceive the public into believing that their business is in any way connected with, sponsored by, or affiliated with Sunrise;

(b) ordering an accounting of and awarding Sunrise such damages, lost profits, royalties, attorneys' fees, costs, and prejudgment interest, as may be shown by the evidence;

(c) awarding up to three (3) times any damages sustained by Sunrise;

(d) ordering FVFC's application for registration of VANTAGE POINT CROP PERFORMANCE TECHNOLOGIES to be abandoned, and any registration that may issue thereon canceled;

(e) awarding Sunrise interest on such profits and damages at the highest rate allowed by law;

(f) awarding Sunrise costs of this action;

(g) awarding Sunrise its reasonable attorneys' fees and costs; and

(h) awarding Sunrise such other and further relief as the Court deems just and proper.

## COUNT III

### Common Law Trademark Infringement and Unfair Competition

49. Sunrise realleges paragraphs 1-38 of this Complaint as if fully restated herein

50. This is an action for an injunction and for damages arising under Ohio common law.

51. Sunrise owns valuable common law rights and goodwill in its VANTAGEPOINTE® mark as a result of its continuous commercial use of the mark in Ohio and elsewhere.

52. Defendants have, by virtue of their above-described acts, infringed upon Sunrise's common law trademark rights and unfairly competed with Sunrise.

53. Defendants' above-described acts of infringement have been committed, and are continuing to be committed, with the knowledge that their VANTAGEPOINT mark is intended to be used to cause confusion, or to cause mistake, or to deceive.

54. Defendants' above-described acts of infringement have caused irreparable injury to Sunrise and will continue to cause irreparable injury to Sunrise if Defendants are not restrained by this Court from further violating Sunrise's trademark rights due to the confusion, mistake, or deception that will likely be generated among the trade and the public

as a consequence of the above-described acts of infringement. Sunrise has no adequate remedy at law.

    WHEREFORE, Sunrise demands judgment:

(a)     entering an injunction preliminarily during the pendency of this action and thereafter permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and attorneys, and all other persons in active concert or participation with them, from infringing Sunrise's trademark rights and unfairly competing with Sunrise in any manner whatsoever in connection with the operation of its business, and from continuing to operate their business in any manner tending to confuse or deceive the public into believing that their business is in any way connected with, sponsored by, or affiliated with Sunrise;

(b)     ordering an accounting of and awarding Sunrise such damages, lost profits, royalties, attorneys' fees, costs, and prejudgment interest, as may be shown by the evidence;

(c)     ordering FVFC's application for registration of VANTAGE POINT CROP PERFORMANCE TECHNOLOGIES to be abandoned, and any registration that may issue thereon canceled;

(d)     awarding Sunrise interest on such profits and damages at the highest rate allowed by law;

(e)     awarding Sunrise costs of this action; and

(f)     awarding Sunrise such other and further relief as the Court deems just and proper.

Dated: February 25, 2021.     Respectfully submitted,

/s/Gregory H. Wagoner
Gregory H. Wagoner (0076132)
SHUMAKER, LOOP & KENDRICK, LLP
1000 Jackson Street
Toledo, Ohio 43604
Telephone:    419.241.9000
Facsimile:     419.241.6894
E-mail:        gwagoner@slk-law.com

Attorneys for Plaintiff,

Sunrise Cooperative, Inc.

## JURY DEMAND

Sunrise demands a trial by jury on all matter so triable.

Respectfully submitted,

/s/Gregory H. Wagoner
Gregory H. Wagoner (0076132)
SHUMAKER, LOOP & KENDRICK, LLP

Attorneys for Plaintiff,
Sunrise Cooperative, Inc.